# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| SOCKEYE LICENSING TX LLC, <br>    *Plaintiff,* <br><br> v. <br><br> INFOCUS CORPORATION, <br>    *Defendant.* | Civil Action No.  2:15-cv-01624 <br><br> **JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT

Sockeye Licensing TX LLC ("Sockeye" or "Plaintiff"), by and through its attorneys, for its Complaint against InFocus Corporation ("InFocus" or "Defendant"), and demanding trial by jury, hereby alleges as follows:

### I.     NATURE OF ACTION

1.     This is a patent infringement action to end Defendant's unauthorized and infringing manufacture, use, sale, offering for sale, and/or importation of methods and products incorporating Plaintiff's patented inventions, U.S. Patent Nos. 8,135,342 (the "'342 Patent") and 8,879,987 (the "'987 Patent").  True and correct copies of the '342 and '987 Patents are attached hereto as Exhibits 1 and 2.

### II.     THE PARTIES

2.     Plaintiff Sockeye Licensing TX LLC is a limited liability company organized and existing under the laws of the State of Texas.

3.     Upon information and belief, InFocus Corporation is a corporation organized and

existing under the laws of the State of Oregon, with a place of business located at 13190 SW 68th Pkwy, Ste 200, Portland OR 97223.  Defendant can be served with process by serving its registered agent for service of process in the State of Texas, Prentice Hall Corporation System, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

### III.   JURISDICTION AND VENUE

4. This is an action for patent infringement which arises under the Patent Laws of the United States, in particular, 35 U.S.C. §§271, 281, 283, 284, and 285.  This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant, and venue is proper in this Court pursuant to 28 U.S.C. §§1391(b), (c), and 1400.

### IV.   THE PATENTS

6. The named inventor of the '342 and '987 Patents, Mr. Michael D. Harold, conceived of the inventions disclosed therein and has worked to commercialize them for several years.  Among his goals (and later those of his company, Zamboola) was to provide hardware and software solutions for the mobile market to allow the interfacing of user information between devices in an enhanced way.  He accordingly prototyped hardware solutions in the fall of 2009, initially developing on an Openmoko Neo, a Linux-based touch screen smartphone.

7. In early 2010, Zamboola was formed to commercialize the inventions. Living in the Shreveport-Bossier area, Mr. Harold filed the Articles of Incorporation for Zamboola as a Louisiana LLC on February, 2010, and worked to develop branding and IP collateral necessary to raise venture capital.  He and his partner brought on personnel to advance Zamboola's objectives.

8. Zamboola believes that in terms of security, identity, mobility and performance,

the smartphone remains a strong platform for current and future personal and enterprise computing. Given the continued advances in mobile hardware and wireless broadband, an opportunity has arisen for the commercial implementation of container-based virtualization on smartphones, allowing distributed services and applications to run in concert with cloud computing services as an on-demand distributed computing environment using any combination of operating systems.

9. The '342 and '987 Patents disclose a system, method and apparatus which permits the use of a wireless cell phone or other communications device as a connection, communications and control device able to connect a full-sized desktop monitor or other digital display device, keyboard, mouse, speakers, printer and other external devices to a wireless cell phone device using any combination of wireline or wireless connections from the desktop devices to the wireless cell phone device. The wireless cell phone device is used to create an Internet or other network connection capable of accessing any browser-based web site or browser-based software application commonly accessible to a standard desktop computer having an Internet connection.

10. In accordance with the '342 and '987 Patents, once the connections between the desktop monitor, key board, mouse, speakers, printer and other components are established with the wireless cell phone device and the Internet connection is established with the wireless cell phone device, the user may access any browser-based web site or software application using the desktop monitor, keyboard, mouse, speakers, printer and other components. Access to Internet software, services and media includes all forms of browser-based desktop software, as well as digital movies, music and streaming video. '342 Patent, Abstract.

11. Sockeye has obtained all substantial rights and interest to the '342 and '987

Patents, including all rights to recover for all past and future infringements thereof.

## V. DEFENDANT'S ACTS

12. Defendant manufactures, provides, sells, offers to sell, and/or distributes infringing systems and methods. Defendant provides MirrorOp and EZ Display products to provide the infringing functionality. As set forth on Defendant's website:

> Add the InFocus LiteShow 4 wireless presentation adapter to any projector or other display with a VGA or HDMI input to quickly and easily share data, audio, and HD video over a secure wireless connection.
>
> . . .
>
> Connect to LiteShow4 with your iOS or Android mobile device from anywhere using the MirrorOp app.
>
> - You can present Office documents, PDF, JPG, JPG, live camera stream, annotation tools, DropBox support.
> - Samsung Galaxy devices can display a mirror of their screen with the Sender for Galaxy app from MirrorOp
> - Mobile devices (and computers) can view content that is being presented through LiteShow 4 with any browser
> - Connect your PC to LiteShow 4 and then control it with your mobile device. For example, advance your slides with your phone, giving you freedom to move about the room while presenting.

http://www.infocus.com/peripherals/INLITESHOW4.

> Easy Display from Any Device:
>
> Use the InFocus IN1112a with optional wireless network adapter to display files from your iPad, iPhone, Android phone or tablet (and PC or Mac to) without messy cables.
>
> - Mobile apps let you present Office docs, PDFs, photos,

> video, audio, and even a live video feed from your iPad, iPhone, or Android tablet or smartphone
> - Annotate on files you're presenting and save changes
> - Mirror your device screen with wired connectivity via USB, HDMI or VGA

http://www.infocus.com/projectors/ultra-portable/IN1110A-Series/IN1112a ("Get EZ Display for iPhone and iPad;" "Get EZ Display for Android devices").

13. Defendant employs MirrorOp and EZ Display technology in its accused instrumentalities. For example, Defendant commercializes the following MirrorOp product: InFocus LiteShow4. Additionally, for example, Defendant commercializes the following EZ Display product: InFocus IN1112a Projector. *See* http://www.infocus.com/peripherals/INLITESHOW4; http://www.infocus.com/projectors/ultra-portable/IN1110A-Series/IN1112a.

14. Defendant has had knowledge of the '342 and '987 Patents at least being served with this Complaint. With knowledge of the '342 and '987 Patents, Defendant intends infringing acts in accordance with the foregoing technology. It provides specifications and instructions for the installation and infringing operation of such systems to its customers, who directly infringe.

15. Furthermore, with knowledge of the '342 and '987 Patents, Defendant provides related services, specifications, and instructions for the installation and infringing operation of such systems to the customers of its products, who directly infringe through the operation of those products.

16. With knowledge of the '342 and '987 Patents, Defendant has purposefully and voluntarily placed infringing products in the stream of commerce with the expectation that its products will be purchased by customers in the Eastern District of Texas, and advertised those products.

17. Through its actions, Defendant has infringed the '342 and '987 Patents, and Defendant has and actively induced others to infringe the '342 and '987 Patents throughout the United States, including within the Eastern District of Texas.

18. Sockeye has been and will continue to suffer damages as a result of Defendant's infringing acts unless and until enjoined.

## COUNT ONE
## PATENT INFRINGEMENT—U.S. PATENT NO. 8,135,342

19. Plaintiff Sockeye realleges and incorporates herein paragraphs 1–18.

20. Defendant has infringed the '342 Patent.

21. Defendant has indirectly infringed the '342 Patent by inducing the infringement of the '342 Patent.

22. Defendant's aforementioned acts have caused damage to Sockeye and will continue to do so unless and until enjoined.

## COUNT TWO
## PATENT INFRINGEMENT—U.S. PATENT NO. 8,879,987

23. Plaintiff Sockeye realleges and incorporates herein paragraphs 1–18.

24. Defendant has infringed the '987 Patent.

25. Defendant has indirectly infringed the '987 Patent by inducing the infringement of the '987 Patent.

26. Defendant's aforementioned acts have caused damage to Sockeye and will continue to do so unless and until enjoined.

### VI.   JURY DEMAND

Plaintiff Sockeye hereby demands a jury on all issues so triable.


## VII. REQUEST FOR RELIEF

WHEREFORE, Plaintiff Sockeye respectfully requests that the Court:

A. Enter judgment that Defendant infringes one or more claims of the '342 Patent literally and/or under the doctrine of equivalents;

B. Enter judgment that Defendant infringes one or more claims of the '987 Patent literally and/or under the doctrine of equivalents;

C. Award Plaintiff Sockeye past and future damages together with prejudgment and post-judgment interest to compensate for the infringement by Defendant of the '342 Patent and/or the '987 Patent in accordance with 35 U.S.C. §284; and

D. Award Plaintiff Sockeye such further and additional relief as is deemed appropriate by this Court.

Respectfully submitted,

Dated: October 6, 2015

By: */s/ Andrew G. DiNovo*
Andrew G. DiNovo
Texas State Bar No. 00790594
adinovo@dpelaw.com
Adam G. Price
Texas State Bar No. 24027750
aprice@dpelaw.com
Daniel L. Schmid
Texas State Bar No. 24093118
dschmid@dpelaw.com
Stefanie T. Scott
Texas State Bar No. 24061617
sscott@dpelaw.com
**DiNovo Price Ellwanger & Hardy LLP**
7000 N. MoPac Expressway, Suite 350
Austin, Texas 78731
Telephone: (512) 539-2626
Telecopier: (512) 539-2627

**ATTORNEYS FOR PLAINTIFF SOCKEYE LICENSING TX, LLC**